385 A.2d 1023

**COMMONWEALTH of Pennsylvania**

**v.**

**Richard E. RODGERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided April 28, 1978.

Joseph A. Massa, Jr., Warren, for appellant.

Samuel F. Bonavita, District Attorney, Warren, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

Appellant appeals from a denial of his application for dismissal pursuant to Pa.R.Crim.P. 1100 filed 185 days from date of his arrest. Appellant alleges the cause for delay was the trial court's ex parte order for investigation made after the trial court had refused to accept a plea bargain agreement, presented to it for approval.

The following procedural history of the case is established by appellant's brief and accepted by the Commonwealth: On January 1, 1976, a criminal complaint was filed against appellant on charges of contributing to the delinquency of a

Minor,[1] three charges of violations of the Liquor Control Laws,[2] and one count of simple possession of less than 30 grams of marijuana.[3]

On February 26, 1976, at arraignment, appellant pled not guilty to all charges.

On April 12, 1976, appellant appeared in court with counsel for criminal jury selection, and the trial court was informed that a plea bargaining agreement had been arranged. The Court refused to accept the agreement, and directed the case off the criminal list so as to make its own investigation of the circumstances of the case, and the appellant's criminal record.

On July 16, 1976, appellant applied for dismissal under Pa.R.Crim.P. 1100 asserting that 185 days had passed from date of arrest to date of application.

On August 17, 1976, the Court dismissed the application, and scheduled the case for jury selection.

On December 26, 1976, appellant having waived jury trial, was found guilty on all charges by the trial court. He was sentenced to four to twelve months in the Warren County Jail, and ordered to pay a fine of $500 plus costs.

On February 4, 1977, an appeal to this court was filed.

On February 11, 1977, post-verdict motions were filed for a New Trial and on Arrest of Judgment. The lower court permitted the filing of these motions nunc pro tunc.

On April 15, 1977, the motions were denied.

The Commonwealth argues that since the appellant initiated the plea negotiations on the only date for jury selection in Warren County prior to the expiration of 180 days that this amounts to a continuance requested by defendant under Rule 1100(d)(2). However, we find no merit

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 C.P.S.A. § 6301(a) (1973).

2. Act of April 12, 1951, P.L. 90, art. IV, § 493; 47 P.S. § 4-493(1).

3. Act of April 14, 1972, P.L. 233, No. 64 § 13; 35 P.S. § 780-113 et seq., (Supp.1976-77).

in this argument. Appellant made no formal request for continuance on April 12, 1976. The plea bargain arrangement proposed to the court was denied that same day. It was up to the Commonwealth at that time, to request a continuance under 1100(c). It was not up to appellant to bring himself to trial, and the Commonwealth was fully aware of the fact that the next jury selection date was beyond the 180 day period. Judicial delay may serve as a basis for extension under section (c) but it does not serve as a basis of exclusion from the mandatory period in which to commence trial. *See Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976).

The order of the lower court is reversed and appellant discharged.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.