434 A.2d 173

COMMONWEALTH of Pennsylvania, Appellant,

v.

Fred BYTHEWAY.

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed Aug. 28, 1981.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellant.

D. Michael Emuryan, Milmont Park, for appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PRICE, Judge:

This appeal is from consolidated orders of the Court of Common Pleas of Delaware County denying the Commonwealth's petition to extend the time for commencement of trial and dismissing the charges against appellee, Fred Bytheway. The Commonwealth contends it was entitled to an extension of time for commencement of appellee's trial on the basis of judicial delay. *See* Pa.R.Crim.P. 1100(c). We disagree and thus affirm the orders entered below.

The relevant facts are these. A criminal complaint charging appellee with burglary was filed on November 23, 1977. Appellee was approved for Accelerated Rehabilitative Disposition (ARD) on January 5, 1978 and, on February 14, 1978, he was placed in a two year probationary program. Shortly thereafter, on February 25, 1978, appellee was arrested and charged with two additional burglaries. The Commonwealth consequently moved for appellee's removal from the ARD program. This motion was granted on May 5, 1978 and on May 31, 1978, appellee pleaded guilty to all three burglaries. The trial court accepted the guilty plea and, on July 19, 1978, sentenced appellee to a term of imprisonment. No direct appeal was taken from the judgment of sentence. On September 26, 1978, appellee filed a Post Conviction Hearing Act (PCHA)[1] petition alleging trial counsel's ineffectiveness in failing to require a complete guilty plea

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.,* *as amended, repealed* by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a) (1397), effective June 27, 1980. The Post Conviction Hearing Act is presently implemented by Pennsylvania Rules of Criminal Procedure 1501 through 1506.

colloquy. Following a hearing, the trial court permitted appellee to withdraw his guilty plea on January 15, 1978. The case was first listed for trial during the week beginning March 5, 1979. It was not reached that week, however, and was, therefore, continued by the trial court until April 2, 1979. The case was once again not reached and the trial court again continued the matter until April 30, 1979. A third continuance, until May 29, 1979, resulted when the case was not called for trial during the week of April 30, 1979. Pursuant to section (c) of Pa.R.Crim.P. 1100, the Commonwealth filed a petition on May 9, 1979, seeking an extension of time to commence appellee's trial.[2] A hearing on the petition to extend was held on May 18, 1979 and, on May 23, the trial court refused to grant the extension. On May 25, appellee filed a motion to dismiss the charges pursuant to Rule 1100(f), which motion was granted on May 29, 1979.[3] This appeal followed.

▬ The first issue presented for our determination is whether the Commonwealth's petition to extend the time for commencement of appellee's trial was timely. A petition for

2. Pa.R.Crim.P. 1100(c) provides:

> At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

The extension petition filed by the Commonwealth on May 9, 1979 was the second such petition filed in the instant case. The Commonwealth had previously filed a petition to extend on February 5, 1979, but withdrew that petition at the close of a hearing on February 28, 1979. Furthermore, on April 20, 1979, appellee filed a motion to dismiss the charges pursuant to section (f) of Rule 1100, which provides, in part, that "[a]t any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated." Appellee's motion to dismiss was denied on April 30, 1979.

3. Appellee's earlier motion to dismiss the charges under Rule 1100(f) was denied. See note 2, supra.

an extension of time under Rule 1100(c) must be filed prior to the expiration of the mandatory period (1) prescribed by the Rule, or (2) set forth in a previous order granting an extension of time. *Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Smith,* 262 Pa.Super. 258, 396 A.2d 744 (1978); *Commonwealth v. Bass,* 260 Pa.Super. 62, 393 A.2d 1012 (1978). Failure to file a timely extension petition precludes the granting of an extension because the Commonwealth is not permitted to file a petition nunc pro tunc. *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Smith,* 262 Pa.Super. 258, 396 A.2d 744.

■ Instantly, the Commonwealth contends its extension petition was timely since it was filed within 120 days of the January 15, 1979 order permitting appellee to withdraw his guilty plea. Positing that an order permitting withdrawal of a guilty plea after sentence has been imposed is analogous to an order granting a new trial, the Commonwealth argues that, under Rule 1100(e)(1),[4] it had 120 days from the date of such an order within which to commence trial. We agree.

Rule 1100(e) "only establishes when a new trial must commence; it does not attempt to define what constitutes an 'old trial.'" *Commonwealth v. Legree,* 256 Pa.Super. 128, 132, 389 A.2d 634, 636 (1978). In *Legree,* we reasoned that there was no substantive basis for treating a new trial *following a mistrial* differently from a new trial following one which went to a verdict.[5] We thus held that, pursuant

4. Pa.R.Crim.P. 1100(e)(1) provides that "[w]hen a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial."

5. In pertinent part, we stated:
First, for the purpose of Rule 1100, trial had commenced on September 10, 1975, and it is not logical to hold that a subsequent event which caused a mistrial eradicated the fact of the trial's commencement as if it never existed. Second, the scheduling problems which follow the granting of a mistrial are not substantially greater than those which follow the granting of a new trial when no appeal is taken. Finally, applying Rule 1100(e)(1) to

to Rule 1100(e)(1), the Commonwealth had 120 days from the date of the mistrial within which to commence the defendant's new trial. Our supreme court has also held that Rule 1100(e) applies to trials following mistrials just as it applies to new trials resulting from successful post-trial motions or appeals. *Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980). Relying primarily on the rationale articulated in *Commonwealth v. Legree, supra,* the court in *Manley* observed that:

> The mandates of the Sixth Amendment to the United States Constitution and Article 1 Section 9 of the Constitution of this Commonwealth are founded upon a joint concern for the fundamental rights of an accused and for the societal interest in the prompt disposition of criminal cases. *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972); *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These concerns exist whether an accused faces trial or retrial . . . .

*Commonwealth v. Manley*, 491 Pa. at 466, 421 A.2d at 639 (footnote omitted).

■ We are thus persuaded that, for purposes of Pennsylvania's speedy trial rule, there is no substantive basis for distinguishing a trial which follows the withdrawal of a guilty plea from one which follows a mistrial or successful post-verdict motions or appeal. "[T]he reason for the retrial

mistrial would not create the gaping loophole in Rule 1100 that the Supreme Court refused to afford to the use of nolle prosequis in *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976). The principal difference is that, subject to the court's approval, nolle prosequis may be voluntarily taken by the Commonwealth despite the defendant's objection. Pa.R.Crim.P., Rule 314. That is not the case with mistrials which, on the contrary, may be granted only on defendant's motion or on motion of court, despite the Commonwealth's objection. Pa.R.Crim.P., Rule 1118. Furthermore, if the Commonwealth deliberately provokes a mistrial in order to gain the extension of time to which it would not be entitled under Rule 1100(c), the double jeopardy clause of the constitution operates as a bar to further prosecution. *Commonwealth v. Bolden*, 472 Pa. 602, 640–43, 373 A.2d 90 (1977). *Commonwealth v. Legree*, 256 Pa.Super. 128, 132, 389 A.2d 634, 636 (1978). *See also Commonwealth v. Johnson*, 487 Pa. 197, 409 A.2d 308 (1979).

is irrelevant." *Id.*, 491 Pa. at 466, 421 A.2d at 639. We have previously held that, for purposes of Rule 1100, trial commences when, as here, a guilty plea is tendered by an accused and accepted by the trial court. *Commonwealth v. Juliano*, 282 Pa.Super. 226, 422 A.2d 1088 (1980). *Cf. Commonwealth v. Cox*, 276 Pa.Super. 29, 419 A.2d 78 (1980) (actions of trial court in taking guilty plea "under advisement" and ordering presentence report did not commence trial for purposes of speedy trial rule). Trial in the present case thus began on May 31, 1978, the date appellee pleaded guilty. As noted earlier, the trial court accepted the plea and imposed sentence. It would be illogical and incongruous to now hold that a second trial following the withdrawal of appellee's guilty plea is not a new trial within the purview of Rule 1100(e). The withdrawal of the plea by means of post-conviction proceedings in no way negates the fact that a first trial occurred. Furthermore, were we to conclude that the 120 day period prescribed by Rule 1100(e) is not applicable in cases involving withdrawn guilty pleas, the original 180 day period mandated by Rule 1100(a)(2) would recommence on the date the guilty plea is withdrawn. The Commonwealth would thus be forced to commence *two* trials within 180 days of the date the criminal complaint was filed. Such a result is neither intended nor required by Rule 1100.

Accordingly, the Commonwealth had 120 days from January 15, 1979, the date on which appellee withdrew his guilty plea, within which to commence a new trial. Pa.R.Crim.P. 1100(e)(1). The Commonwealth's petition to extend was timely, therefore, since it was filed on May 9, 1979, six days prior to the expiration of the 120 day period.

The thrust of the extension petition was that, despite being ready to proceed on each of the occasions on which appellee's case was scheduled for trial, the Commonwealth was prevented from bringing appellee to trial within 120 days of the withdrawal of his guilty plea because of judicial delay. Specifically, the extension petition alleged that appellee's case was not reached due to the unavailability of courtrooms and court backlog. The Commonwealth now

contends the trial court erred in refusing to grant an extension on the basis of that judicial delay. We do not agree.

■ Judicial delay may serve as the basis for an extension of time under Rule 1100(c). *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979); *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). For example, an extension is justified "where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable." *Id.*, 469 Pa. at 18, 364 A.2d at 699. Before an extension under Rule 1100(c) may be granted, however, the record must show:

> (1) the "due diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided.

*Commonwealth v. Mayfield*, 469 Pa. at 222, 364 A.2d at 1349–50. The Commonwealth thus has the burden of proving by a preponderance of the evidence that the requirements of Rule 1100(c) have been satisfied. *Commonwealth v. Ehredt*, 485 Pa. 191, 401 A.2d 358 (1979).[6]

The record before us fails to support the Commonwealth's contention that the judicial delay was unavoidable, as required by *Commonwealth v. Mayfield, supra*. Rather, it strongly suggests that the delay could have been avoided and appellee's trial commenced within 120 days following the withdrawal of his guilty plea.

■ The sole witness at the May 18, 1979 hearing on the Commonwealth's petition to extend was Linda McGough, Assistant Deputy Court Administrator of Delaware County,

---

6. "When a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to see that the case is tried on time." *Commonwealth v. Smith*, 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978).

who testified regarding the scheduling of criminal cases during the period from March 5, 1979 to the first week of May, 1979.[7]   Miss McGough testified on cross-examination that representatives from the court administrator's office, the district attorney's office, and the public defender's office meet during the week before a trial term to determine the priority of cases for trial.   When asked the manner in which priority is determined, Miss McGough stated: "The standards that we use are the ABA standards,[8] jail before bail, the old cases before the new cases, specially assigned cases, seriousness of the offense." (N.T. 48).   Despite these scheduling priorities, Miss McGough testified that at least eleven of the seventeen criminal jury trials held in Delaware County between March 5 and May 9, 1979 involved defendants who, like appellee, were awaiting trial while on bail.   None of the prosecutions in those cases began prior to November 23, 1977, the date on which the first burglary charge was filed against appellee.   Indeed, in three cases, the defendants were arrested on criminal complaints filed in 1979. Appellee's case was thus older than any of the seventeen cases tried during the period in question.   Furthermore, ten of the seventeen cases tried involved crimes less serious than the burglaries with which appellee was charged, and only three of the cases were specially assigned.   On the basis of the assistant deputy court administrator's testimony, we agree with the court below that "[appellee's] case could have been listed and tried had the priority procedures been followed."   Slip op. at 5.   Having failed to prove that the

7.  March 5, 1979 was the first trial date assigned to appellee's case at the time he withdrew his guilty plea.  As noted earlier, the case was continued three times, on March 8, April 6, and May 9, 1979.

8.  The ABA Standards Relating to Speedy Trial § 1.1 (Approved Draft, 1968), provide, in pertinent part, that:
    [t]o effectuate the right of the accused to a speedy trial and the interest of the public in prompt disposition of criminal cases, insofar as is practicable:
       (a) the trial of criminal cases should be given preference over civil cases; and
       (b) the trial of defendants in custody and defendants whose pretrial liberty is reasonably believed to present unusual risks should be given preference over other criminal cases.

judicial delay could not be avoided, the Commonwealth was not entitled to an extension of time within which to commence appellee's trial. *See Commonwealth v. Crowley*, 11 Pa.Super. 26, 421 A.2d 1129 (1980), *allocatur granted* (No. 81–3–373, February 23, 1981).

The orders of the court of common pleas denying the Commonwealth's petition to extend and dismissing the charges against appellee are, therefore, affirmed.

WICKERSHAM, J., files a dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent because I believe that the majority misconstrues the test contained in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976) for determining whether judicial delay may serve as the basis for an extension of time for trial under Pa.R.Crim.P. 1100(c). The majority construes the *Mayfield* test as requiring a record showing that the judicial delay was *unavoidable*.[1] Because the record in the instant case suggests that the delay in trying Bytheway could have been avoided had the trial court given him priority over other cases, the majority concludes that the Commonwealth failed to meet its burden of proof.

> The record before us fails to support the Commonwealth's contention that the judicial delay was unavoidable, as required by *Commonwealth v. Mayfield, supra*. Rather, it strongly suggests that the delay could have been avoided and appellee's trial commenced within 120 days following the withdrawal of his guilty plea.

Maj. op. at 177.

I do not agree.

*Mayfield* does not require a record showing that the judicial delay was unavoidable but only that the trial court exercised due diligence in its efforts to proceed within the prescribed period. The court stated in *Mayfield* that:

1. "Unavoidable" is defined in Black's Law Dictionary as incapable of being prevented. Black's Law Dictionary 1366 (5th ed. 1979).

158

[t]his Court is aware that, despite diligent efforts by the trial courts, cases may arise when a trial of a defendant cannot be held within the prescribed period. In such circumstances, the policies which prompted the adoption of rule 1100 would not be served by disallowing a reasonable, limited extension specifying "the date or period within which trial shall be commenced." Pa.R.Crim.P. 1100(c). The rule recognizes that "due diligence" is the most that should be demanded from the prosecutor and that if despite such efforts, he cannot prepare for trial within the prescribed period, an extension is permissible. No more rigid result under our present rule is justified when the inability of a trial court to proceed within the prescribed period is at issue.

*Commonwealth v. Mayfield, id.*, 469 Pa. at 220, 364 A.2d at 1348–49.

In the instant case, the Assistant Deputy Court Administrator, Linda M. McGough, testified in great detail concerning the scheduling difficulties that the court encountered in bringing Bytheway to trial, and I believe that the standard of due diligence was met. *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976). Accordingly, I would reverse and remand for trial.