437 A.2d 1252

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert A. DiSANTIS.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1981.

Filed Dec. 11, 1981.

Lee Ruslander, Assistant District Attorney, West Chester, for Commonwealth, appellant.

Alan Lourie, Assistant Public Defender, West Chester, for appellee.

Before SPAETH, JOHNSON and WIEAND, JJ.

JOHNSON, Judge:

The Commonwealth appeals from the order of July 21, 1980, which both granted Appellee's motion in arrest of judgment and dismissed the charges and discharged Appellee. The basis for the discharge was the violation of Appellee's Rule 1100 rights. For the following reasons, we reverse.

The complaint against Appellee was filed on July 21, 1976; so the run date was January 17, 1977. After a preliminary hearing on August 8, 1976, Appellee was held for trial. When the case was called for trial on December 6, 1976, Appellee, after a complete colloquy, entered a guilty plea that was accepted by the court. The judge deferred sentencing pending a presentence investigation.

When Appellee appeared for sentencing on April 14, 1977, he denied one count to which he had previously pled guilty. The judge, therefore, refused to impose sentence and continued the proceedings. On July 25, 1977, the Commonwealth filed a petition for an extension under Rule 1100(c).[1] On August 24, 1977, Appellee withdrew his guilty pleas and waived his Rule 1100 rights subsequent to August 24, 1977. On August 31, 1977, after a hearing on the Commonwealth's

---

1. Pa.R.Crim.P., Rule 1100(c), 42 Pa.C.S.A., states:
 (c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

Rule 1100(c) petition, the court extended the run date to December 30, 1977.

On December 8, 1977, Appellee filed an Application to Dismiss; and the court conducted a hearing on said application prior to the commencement of the nonjury trial. The court dismissed Appellee's application and proceeded with the nonjury trial. Appellee was found guilty of Simple Assault,[2] Recklessly Endangering Another Person,[3] two counts of Arson and Related Offenses,[4] and Driving under Influence of Alcohol or Controlled Substance.[5] On October 21, 1980, the court granted Appellee's motion in arrest of judgment and discharged Appellee.

In its appeal from the aforesaid order, the Commonwealth raises two issues. First, does trial commence under Rule 1100 when the defendant enters a guilty plea and the court, after conducting a colloquy, accepts the plea and orders a presentence investigation? Second, does the Commonwealth have 120 days to bring the defendant to trial where the lower court grants the defendant's motion to withdraw his guilty pleas which had previously been accepted by the court?

The first issue is answered by *Commonwealth v. Juliano*, 282 Pa.Super.Ct. 226, 422 A.2d 1088 (1980), *petition for allowance of appeal denied* (1981). In *Juliano*, the defendant filed a PCHA Petition, alleging that his Rule 1100 rights had been violated. As in the instant case, the lower court in *Juliano* accepted the defendant's guilty plea but deferred sentencing pending a presentence report. The Superior Court stated that "trial commenced ... when Appellant entered a guilty plea ...." *Id.*, 282 Pa.Super. at 229, 422 A.2d at 1089.

2. 18 Pa.C.S.A. § 2701.

3. *Id.*, § 2705.

4. *Id.*, § 3301(a)–Endangering Persons and *id.*, § 3301(b)–Endangering Property.

5. 75 Pa.C.S.A. § 3731. Formerly, 75 Pa.C.S.A. § 1037.

In *Commonwealth v. Cox,* 276 Pa.Super.Ct. 29, 419 A.2d 78 (1980), the Superior Court held that trial did not commence for Rule 1100 purposes when the trial judge merely took the guilty plea under advisement and ordered a presentencing report. The court presented two reasons for this holding:

First, we believe that the trial court's actions did not represent the "substantial" commitment of the court's time and resources contemplated by Rule 1100 and our interpretations thereof. *See Commonwealth v. Griffin, supra* [257 Pa.Super. 153, 390 A.2d 758]. Second, we hold that the trial court's acts of August 1, 1978, did not lead directly to a determination of appellant's guilt, *i.e.,* under no stretch of the imagination could one conclude that the six month period of inaction between appellee's tendering the guilty plea and his filing of the petition to dismiss was indicative of a *direct* progression into the guilt-determining process. [Footnote omitted.]

*Id.,* 276 Pa.Super. at 35, 419 A.2d at 81–82.

The trial court in the instant case analogized Appellee's situation to that of *Commonwealth v. Rodgers,* 254 Pa.Super.Ct. 288, 385 A.2d 1023 (1978), as its rationale for holding that Appellee's trial had not commenced within 180 days. In *Rodgers* the court initially *rejected* the guilty plea, while in the instant case, the court initially *accepted* Appellee's guilty plea. Although the trial court did not consider this distinction to be material, we believe, in light of *Juliano* and *Cox,* that the court's disposition of a guilty plea determines whether or not trial has commenced under Rule 1100.

 Thus, in light of the foregoing dictum in *Commonwealth v. Juliano,* we hold that, when the court has accepted a guilty plea, even though sentencing is deferred, trial has commenced for purposes of Rule 1100. *See Commonwealth v. Bytheway,* 290 Pa.Super.Ct. 148 at 154, 434 A.2d 173 at 176–177 (1981). In the instant case, as in *Juliano,* trial commenced when Appellee entered a guilty plea that was accepted by the trial court. Since trial commenced approximately forty-two days (42) days before the run date, Appel-

lee's Rule 1100 rights were not violated during the initial proceeding.

■ In considering Appellant's second issue, we must decide whether or not Appellee's Rule 1100 rights were violated because the Commonwealth, after the court subsequently allowed Appellee to withdraw his plea, neither proceeded to trial within the 180-day period nor obtained an 1100(c) continuance until after the initial run date.

According to the decision in *Juliano*, Rule 1100 is not applicable to the period of time from the acceptance of Appellee's guilty plea on December 6, 1976, to Appellee's appearance for sentencing on April 14, 1977. The court in *Juliano* stated:

> The period between the entry of the plea and the September sentencing date cannot be measured in terms of Rule 1100, since it can only be viewed as time needed by the Court to prepare for appropriate sentencing. It was after the trial, and there is no logical basis for declaring that period to be a continuation of the period of time mandated by our rules to afford the Appellant a speedy trial.

282 Pa.Super.Ct. at 229, 422 A.2d at 1089–1090.

When Appellee appeared for sentencing and denied one count on April 14, 1977, the court continued the proceedings. Appellee's guilty pleas were not actually withdrawn until August 24, 1977. The continuation of the proceedings for Appellee and his attorney to decide whether or not to alter the guilty plea (N.T. 4/14/77, 22) does not constitute a basis to invoke Rule 1100 because the continuance occurred *after* trial had commenced. *See Commonwealth v. Juliano*, 282 Pa.Super.Ct. at 229, 422 A.2d at 1089–1090.

The lower court's opinion states that "the Commonwealth was aware as early as May 5, 1977, that the plea had been aborted." Slip op. at 4. Even if the plea had been aborted on April 14, 1977, in light of the holding in *Commonwealth v. Bytheway*, 290 Pa.Super.Ct. 148, 434 A.2d 173 (1981), the Commonwealth would have had 120 additional days within

which to commence trial. In *Bytheway*, the Superior Court held:

> [F]or purposes of Pennsylvania's speedy trial rule, there is no substantive basis for distinguishing a trial which follows the withdrawal of a guilty plea from one which follows a mistrial or successful post-verdict motions or appeal.

*Id.,* 290 Pa.Super. at 153, 434 A.2d at 176. The court proceeded to explain that, in such a case, the Commonwealth would have 120 days within which to commence a new trial:

> [W]ere we to conclude that the 120 day period prescribed by Rule 1100(e) is not applicable in cases involving withdrawn guilty pleas, the original 180 day period mandated by Rule 1100(a)(2) would recommence on the date the guilty plea is withdrawn. The Commonwealth would thus be forced to commence *two* trials within 180 days of the date the criminal complaint was filed. Such a result is neither intended nor required by Rule 1100.

*Id.,* 290 Pa.Super. at 154, 434 A.2d at 176. Since the Commonwealth, in the instant case, filed a Rule 1100(c) Petition for Extension 102 days after the proceeding on April 14, 1977, even if the lower court were correct that the Commonwealth had notice that the guilty plea had been aborted on May 5, 1977, the Commonwealth's Rule 1100(c) petition was timely filed. The action of the lower court in granting the petition has not been challenged, and we conclude that it was properly granted.[6] Thus, Appellee's rights under Rule 1100 were not violated.

For the foregoing reasons, we reverse the order of July 21, 1980, and remand for proceedings consistent with this opinion.

WIEAND, J., concurs in the result.

**6.** We have reviewed the notes of testimony of the hearing and are convinced that the requirement that the Commonwealth make a complete record has been fully met.