576 A.2d 371

COMMONWEALTH of Pennsylvania

v.

Thomas William GRAHAM, Appellant.

Superior Court of Pennsylvania.

Argued March 28, 1990.

Filed May 31, 1990.

Peter H. Shaffer, Butler, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for Com., appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence entered July 6, 1989 in the Court of Common Pleas of Butler County, Criminal Division. We affirm.

On May 5, 1988, charges were filed against appellant, Thomas William Graham, stemming from an incident that occurred on that date at around midnight. The trial court found that while under the influence of drugs and alcohol, appellant took two loaded guns and went under a viaduct in the City of Butler in apparent contemplation of suicide. Appellant's father, James A. Graham, Sr., was present at the scene attempting to dissuade his son from committing suicide. When police officers responded to a report of gunfire, appellant shouted at them and asked them to shoot him. Eventually, appellant fired a shot at Lieutenant Thomas Trinko of the Butler City Police Department. After a violent struggle with the police, appellant was taken into custody.

On April 18, 1989 a jury found appellant guilty of aggravated assault,[1] recklessly endangering another person,[2] and crimes committed with firearms.[3] A non-jury verdict was

1. 18 Pa.C.S.A. § 2702.
2. *Id.* § 2705.
3. *Id.* § 6103.

also rendered on the same date finding appellant guilty of criminal mischief.[4] The Commonwealth filed a motion requesting the trial court to impose the mandatory sentence for offenses committed with firearms pursuant to 42 Pa.C. S.A. § 9712(a). Appellant's post-verdict motions were denied, and on July 6, 1989, he was sentenced to serve concurrent terms of incarceration of five (5) to ten (10) years for aggravated assault, twelve (12) to twenty-four (24) months for recklessly endangering another person, twelve (12) to twenty-four (24) months on the charge of crimes committed with firearms, and one (1) to two (2) months for criminal mischief.

The instant timely filed appeal raises three issues for our consideration: (1) whether the lower court erred in denying appellant's motion to dismiss under Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A.; (2) whether the trial court erred in the additional instructions made to the jury during the course of deliberations; and (3) whether appellant was charged and convicted under the wrong subsection of the Pennsylvania Crimes Code so that the verdict was contrary to the law and evidence. We shall address appellant's claims *seriatim*.

■ Initially, appellant argues that his rights under Rule 1100 were violated because he was held in continuous pre-trial custody from May 6, 1988 through the date of trial on April 17, 1989. Appellant states that although he should have been released on bond after he had been incarcerated for one hundred eighty (180) days prior to trial, he was improperly held in jail because the Pennsylvania Board of Probation and Parole had lodged a detainer against him. Thus, appellant argues, even if the lower court had ordered him released on nominal bail, he would have remained incarcerated because of the detainer. We disagree with appellant's interpretation of Rule 1100.

As our supreme court has explained, the court adopted Rule 1100 pursuant to their supervisory powers as a measure designed to reduce the backlog of cases awaiting trial.

4. *Id.* § 3304.

and to provide a rule of criminal procedure fixing a maximum time limit within which to bring an accused to trial. *Commonwealth v. Smith*, 524 Pa. 72, ——, 569 A.2d 337, 338 (1990). The subsections of Rule 1100 which are relevant to appellant's case contain the following provisions:

    (c) In determining the period for commencement of trial, there shall be excluded therefrom:

    .     .     .     .     .

    (3) such period of delay at any stage of the proceedings as results from:

        (i) the unavailability of the defendant or his attorney;

        (ii) any continuance granted at the request of the defendant or his attorney.

    .     .     .     .     .

    (e) No defendant shall be held in pre-trial incarceration for a period exceeding one hundred eighty (180) days excluding time described in subsection (c) above. Any defendant held in excess of one hundred eighty (180) days is entitled upon petition to immediate release on nominal bail.

Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A.

The record indicates that appellant was arrested on May 5, 1988, the same day on which the complaint was filed against him. Under Rule 1100(a)(2), trial was thus required to commence within one hundred eighty (180) days of that date. Appellant's trial did not begin until April 17, 1989, three hundred thirty-two (332) days after the complaint was filed. However, delay caused by a defense request for psychiatric evaluation and the subsequently necessary competency hearing is attributable to the unavailability of the defendant. *Commonwealth v. Millard*, 273 Pa.Super. 523, 531–32, 417 A.2d 1171, 1176 (1979); *Commonwealth v. Reese*, 237 Pa.Super. 326, 330, 352 A.2d 143, 145 (1975). Defense counsel filed a request for psychiatric examination on May 20, 1988. The examination was conducted at Butler Memorial Hospital in August of 1988. On August 25, 1988, defense counsel filed a notice of insanity. A hearing to

determine appellant's competency was scheduled for September 16, 1988. Thus, a delay of one hundred nineteen (119) days was directly attributable to appellant's unavailability for trial.[5]

Appellant's trial was scheduled for November of 1988. The record indicates, however, that on November 29, 1988, appellant notified the lower court that he had entered into plea negotiations with the District Attorney's Office. On that date appellant filed a motion requesting that sentencing be held at the time of the guilty plea colloquy. The lower court responded the same day by entering an order directing that appellant be sentenced at the time of plea entry. The order of November 29, 1988 was contingent on the lower court receiving a pre-sentence report from the Pennsylvania Board of Probation and Parole prior to sentencing. The pre-sentence report was completed and available as of December 23, 1988. That same day the lower court scheduled a guilty plea colloquy and sentencing hearing for January 11, 1989. Although the hearing was continued on January 11, 1989, the record gives no reason for the continuance.

Tendering a guilty plea signifies "commencement of trial" for Rule 1100 purposes whether that plea is accepted immediately by the court or taken under advisement. *Commonwealth v. Whittall*, 304 Pa.Super. 258, 262, 450 A.2d 669, 671–72 (1982); *Commonwealth v. Lewis*, 295 Pa.Super. 61, 67, 440 A.2d 1223, 1226 (1982) (*en banc*). In the ordinary case, the guilty plea is entered first and followed at a later date by a sentencing hearing. *See, e.g., Commonwealth v. Jensch*, 322 Pa.Super. 304, 469 A.2d 632 (1983); *Commonwealth v. DiSantis*, 293 Pa.Super. 154, 437 A.2d 1252 (1981). Under such circumstances, the period after entry of the guilty plea during which the court deter-

5. The record indicates that the hearing scheduled for September 16, 1988 did not take place. It was instead postponed until November 21, 1988, the date on which appellant's case was listed for trial. We need not address the issue of whether the time delay caused by the postponement is attributable to appellant or to the Commonwealth as such an inquiry is not necessary to resolve the instant appeal.

mines the appropriate sentence is not part of the Rule 1100 calculation. *Commonwealth v. Jensch,* 322 Pa.Super. at 312, 469 A.2d at 636; *Commonwealth v. DiSantis,* 293 Pa.Super. at 158, 437 A.2d at 1254. In the instant case, appellant's trial and/or guilty plea colloquy was postponed at his own request so that sentencing could be accomplished at the colloquy. While it would be unfair to penalize appellant for exercising his constitutional rights, it would be unreasonable to expect the Commonwealth to schedule a trial when the accused has indicated during good faith plea bargain negotiations that he will enter a guilty plea. We therefore hold that under the circumstances presented here, the forty-three (43) days between November 29, 1988 and January 11, 1989 is chargeable to appellant under Rule 1100 because the delay of trial during that period was the result of his motion requesting sentencing at the time of the guilty plea colloquy.

Appellant is thus chargeable with a total of one hundred sixty-two (162) days delay. When this total is subtracted from the three hundred thirty-two (332) days which elapsed between the date on which the complaint was filed and the date on which trial commenced, the result shows that appellant was brought to trial within one hundred seventy (170) days for the purposes of Rule 1100. We conclude that appellant's rights under Rule 1100 were not compromised, and we affirm the ruling of the lower court on this issue.

The second claim raised by appellant is that the trial court erred in the response made to the jury's request, during deliberations, for clarification of the word "intent" and the manner in which the term applies to the crime of aggravated assault. The gravamen of appellant's complaint is that the supplemental jury charge actually given was not properly responsive to the jury's request, failed to explain how the term "intent" relates to aggravated assault, and improperly included confusing information relating to voluntary intoxication. We note initially that the decision of whether to accede to a jury request for further instructions during deliberations is left to the discretion of

the trial court. *Commonwealth v. Tolassi*, 489 Pa. 41, 57, 413 A.2d 1003, 1011 (1980). Furthermore, the scope of such supplemental instructions, when given, is within the sound discretion of the lower court. *Commonwealth v. Perkins*, 473 Pa. 116, 132, 373 A.2d 1076, 1084 (1977) (per Eagen, C.J. with two Justices concurring and three Justices concurring in the result); *Commonwealth v. Tervalon*, 463 Pa. 581, 592, 345 A.2d 671, 677 (1975). It is well settled that appellate evaluation of a jury instruction must be based on an examination of the instruction as a whole to determine whether it was fair or prejudicial. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 454 A.2d 937 (1982), *cert. denied sub nom. Zettlemoyer v. Pennsylvania*, 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 *rehearing denied*, 463 U.S. 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983). Error cannot be predicated on isolated excerpts; rather it is the general effect of the charge that controls. *Commonwealth v. Myers*, 376 Pa.Super. 41, 50, 545 A.2d 309, 314 (1988), *allocatur denied*, 522 Pa. 588, 561 A.2d 741 (1989).

The instant record reveals that the jury's question was two-fold: "What is the definition of intent and how does it apply to the crime of aggravated assault?" N.T. 3/17–18/89 at 193–94. Contrary to appellant's contention that the trial court simply reiterated the standard jury instruction regarding the intoxication defense, the trial court explained intent in the context of aggravated assault:

> In order to find [that] the defendant attempted to [commit aggravated assault] you must find that he engaged in conduct which constituted a substantial step towards causing serious bodily injury to Lieutenant Trinko, and that his conduct in this regard was intentional, or, in other words, that it was his conscious object to cause such injury, . . . .

*Id.* at 194. After stating that it was the Commonwealth's responsibility to establish all the required elements beyond a reasonable doubt, the trial judge also explained that voluntary intoxication or a voluntarily drugged condition is not a defense to a criminal charge. *Id.* at 195–96.

■ We agree with appellant that the options available to the lower court included the possibility of requesting the jury to be more specific as to their difficulty. *See, e.g., Commonwealth v. Carr,* 370 Pa.Super. 1, 535 A.2d 1120 (1987), *allocatur denied,* 518 Pa. 648, 544 A.2d 960 (1988). However, it was also within the power of the trial court to decide whether additional information which was not requested by the jury was necessary to assist the jury in its understanding of the issue involved. *Commonwealth v. McComb,* 462 Pa. 504, 508, 341 A.2d 496, 498 (1975), *citing Commonwealth v. Pasco,* 332 Pa. 439, 446, 2 A.2d 736, 739 (1938). Such decisions are left to the sound discretion of the trial court. *Id.* As it was well within the prerogative of the trial judge in the instant case to make the supplemental charge without requesting the jury to amplify upon their question, we find no abuse of discretion.

■ Appellant concedes that not only did he testify on direct examination to the effect that he had ingested a large quantity of alcohol on the day of the incident in question, but that the prosecution made an issue of his intoxication during cross-examination. Appellant also concedes that in both the original charge and in the supplemental instruction, the lower court charged the jury in accordance with Pennsylvania Standard Criminal Jury Instruction 8.308(A), pertaining to the effect of voluntary intoxication on intent. Under these circumstances, we cannot find that it was illogical, unfair, or prejudicial to instruct the jury regarding the impact of voluntary intoxication on appellant's ability to form the intent to commit aggravated assault. We therefore affirm on this issue.

■ Appellant's final claim is that it was error to try him under § 2702(a)(2) of the Crimes Code when the information lodged in the instant case charged a violation of § 2702(a)(1). The relevant provisions of § 2702 state the following:

**§ 2702. Aggravated assault**

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer or firefighter in the performance of duty or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty; . . . .

18 Pa.C.S.A. § 2702. The record shows that although the original complaint filed by the Butler City Police charged appellant with violating § 2702(a)(2), the information filed by the District Attorney indicated that appellant had violated subsection (a)(1). The theory pursued at trial by the Commonwealth was clearly based on subsection (a)(2). The thrust of appellant's argument is that it was unfair to try and sentence him under subsection (a)(2), which carries a mandatory sentence of five (5) to ten (10) years incarceration if a firearm was involved in the assault, when the information charged only subsection (a)(1) which carries a less severe penalty.

Although it was error to try appellant under a different subsection of the Crimes Code from the subsection listed in the information, the record establishes beyond a reasonable doubt that the error did not contribute to the verdict and was therefore harmless. As our supreme court has explained, the doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that trial error was harmless beyond a reasonable doubt. *Commonwealth v. Thornton,* 494 Pa. 260, 266, 431 A.2d 248, 251 (1981). "Its purpose is premised on the well-settled proposition that '[a] defendant is entitled to a fair trial but not a perfect one.'" *Id., quoting Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97

L.Ed. 593 (1953). A variance between allegations in the information and the proof offered at trial is harmless error unless the defendant could be misled at trial, prejudicially surprised in his efforts to prepare a defense, precluded from anticipating the prosecutions's proof or otherwise impaired with respect to a substantial right. *Commonwealth v. Lohr*, 503 Pa. 130, 135–36, 468 A.2d 1375, 1378 (1983); *Commonwealth v. McFadden*, 384 Pa.Super. 444, 450, 559 A.2d 58, 60 (1989), *allocatur denied*, 524 Pa. 595, 568 A.2d 1246 (1989). Error in the abstract does not require a new trial. *Commonwealth v. Pittman*, 320 Pa. Super. 166, 177, 466 A.2d 1370, 1375 (1983). "Error which does not result in prejudice to the accused or deny the accused a fair trial does not warrant an appellate court's reversal of the trial court's denial of a motion for a new trial." *Id.*

In the instant case it is clear that appellant was not prejudiced in his defense by the distinctions between subsections (a)(1) and (a)(2). The evidence presented to the jury would, of necessity, have been the same under either subsection: *i.e.*, that appellant used a firearm to shoot at a police officer, Lieutenant Trinko, during the course of that officer's attempt to arrest appellant. Thus, appellant could not have been misled at trial, prejudicially surprised in his efforts to prepare a defense or precluded from anticipating the prosecution's offer of proof. Appellant concedes that the only factual controversy relating to this issue concerns the question of whether he intentionally shot directly at a police officer or merely fired his weapon in the general vicinity of a police officer. We find this to be a distinction without a difference in relation to the question of the proper subsection for the charge, and we uphold the ruling of the trial court. *See also U.S. v. Agnes*, 753 F.2d 293 (3d Cir.1985), *aff'g* 581 F.Supp. 462 (E.D.Pa.1984) (no prejudicial variance between indictment and proof at trial where original indictment charged both robbery and extortion, indictment was subsequently reduced to extortion only, but suffi-

464

cient evidence was presented to the jury to support appellant's conviction on both charges).

Judgment of sentence affirmed.