J-S41024-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
                Appellee :
:
           v. :
:
MYLES WHITE, :
:
             Appellant : No. 3102 EDA 2013

Appeal from the PCRA Order October 15, 2013,
Court of Common Pleas, Monroe County,
Criminal Division at No. CP-45-CR-0000529-2009

BEFORE:  BOWES, DONOHUE and MUNDY, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED AUGUST 29, 2014**

Myles White ("White") appeals from the October 15, 2013 order of

court entered in the Monroe County Court of Common Pleas denying his

petition filed pursuant to the Post Conviction Relief Act, ("PCRA"),

42 Pa.C.S.A. §§ 9541 – 9546.  We affirm.

The relevant facts and procedural history of this case are as follows.

On March 26, 2009, a criminal complaint was filed against White charging

him with one count of criminal homicide and two counts of criminal

conspiracy[1] in connection with his involvement in a robbery and death that

occurred in the parking lot of a hotel on January 15, 2009.   The

Commonwealth filed a notice of joinder pursuant to Pa.R.Crim.P. 582(b)(1)

on May 26, 2009, joining White's case with that of his co-defendant, Ralph

_____

[1] 18 Pa.C.S.A. § 2501(a), 903.

Maldonado. On August 20, 2009, White, through court appointed counsel, filed a motion to sever the trial from his co-defendant. A hearing was held on the motion on September 28, 2009 and a briefing schedule was set. Before any briefs were filed, White filed a motion to withdraw the motion to sever on October 8, 2009, which was granted the next day.

The Commonwealth filed a motion to schedule conference on December 8, 2009, and a pretrial conference was scheduled for January 4, 2010. On January 8, 2010, White, through counsel, filed a motion to continue trial, noting that there was no date set for the trial to begin, but that White was "scheduled for the January trial term." PCRA Court Opinion, 10/15/13 at 2. The motion was granted on January 12, 2010 and White's trial was rescheduled for the March trial term. White's co-defendant, Mr. Maldonado, filed a pretrial motion on January 29, 2010, and a hearing on the motion was held February 10, 2010. By order of court dated February 16, 2010, a new trial date was scheduled for June 3, 2010 for both Mr. Maldonado and White.

On June 1, 2010, White pled guilty to murder in the third degree pursuant to 18 Pa.C.S.A. § 2502(c). On the same day, White was sentenced to a period of incarceration of not less than 15 years and not more than 30 years. White filed a motion for reconsideration of sentence on June 9, 2010, which was denied on June 25, 2010 after a hearing.

White filed an appeal to this Court raising claims challenging the voluntariness of his guilty plea, the effective assistance of counsel, and the discretionary aspects of his sentence. ***Commonwealth v. White***, 1420 EDA 2011 (Pa. Super. June 19, 2012) (unpublished memorandum). This Court affirmed the judgment of sentence on June 19, 2012. After exhausting his rights on direct appeal, White filed a document on April 25, 2013 entitled "Motion to Proceed *in forma pauperis*" which the court construed as a *pro se* PCRA petition. The PCRA court granted White's motion to proceed *in forma pauperis* and appointed PCRA counsel on May 8, 2013. White, through PCRA counsel, filed an amended PCRA petition on July 8, 2013. A hearing on White's amended PCRA petition was held on July 29, 2013 and denied by order of court on October 15, 2013. This timely appeal follows.

White raises two issues for our review:

> 1. Was trial counsel ineffective in failing to advise Defendant that he had and for failing to file a motion stating a valid Rule 600 Claim to dismiss the case prior to the entry of [White's] guilty plea.
>
> 2. Did [White] enter a plea knowingly and voluntarily where he expressed concern about whether or not he had the requisite intent to have committed Murder in the Third Degree?

Appellant's Brief at 4.

Our standard of review for the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of

record and free of legal error. **Commonwealth v. Wright**, 935 A.2d 542, 544 (Pa. Super. 2007). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). The PCRA court's credibility determinations are binding on this Court where there is record support for those determinations. **Commonwealth v. R. Johnson**, 966 A.2d 523, 539 (Pa. 2009). Furthermore, we note that to be eligible for relief under the PCRA after the entry of a guilty plea "the petitioner must prove ineffective assistance of counsel which caused an involuntary or unknowing plea." **Commonwealth v. Young**, 695 A.2d 414, 416 (Pa. Super. 1997).

In order to prove ineffective assistance of counsel, White must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice. **Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001). Failure to address any prong of the test will defeat an ineffectiveness claim. **Commonwealth v. Williams**, 899 A.2d 1060, 1063 (Pa. 2006).

In his first issue, White contends that he was not effectively represented by counsel due to counsel's failure to identify and advise him of a possible violation of Pa.R.Crim.P. 600 ("Rule 600"). White argues that the underlying claim, the alleged Rule 600 violation, is of arguable merit

because the PCRA court improperly attributed non-excludable time against him for purposes of a Rule 600 calculation. Appellant's Brief at 12-15.

The PCRA court found no merit to this claim.[2] After a careful examination of the record, we agree.

> To determine whether dismissal is required under Rule 600, a court must first calculate the mechanical run date, which is 365 days after the complaint was filed. Rule 600(C) addresses situations where time can be excluded from the computation of the deadline. Case law also provides that a court must account for any 'excludable time' and 'excusable delay.' Excludable time is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence. ... The only occasion requiring dismissal is when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay.

*Commonwealth v. Colon*, 87 A.3d 352, 358 (Pa. Super. 2014) (internal citations and quotations omitted).

As stated above, in an attempt to establish that there is merit to this claim, White argues that the trial court erred in finding two specific periods of time excludable or excusable delay for Rule 600 purposes. **See** Appellant's Brief at 12-14. The particular instances upon which White bases

---

[2] We note that the in the course of discussing this issue in its opinion, the PCRA court also concluded that this claim was not cognizable under the PCRA. PCRA Court Opinion, 10/15/13 at 11. However, pursuant to this Court's ruling in **Commonwealth v. Prout**, 814 A.2d 693, 696 (Pa. Super. 2002), a Rule 600 claim couched in terms of ineffectiveness of counsel is cognizable under the PCRA.

this claim are the delays caused by the filing of his motion to sever and his motion for a continuance. Despite the fact that these delays were caused by his filings, White argues that they should not be excludable because the Commonwealth acted unreasonably and without due diligence in responding to these motions. *See id.* However, even if White were correct and these periods of time should not have been ruled as excludable or excusable, we would still conclude that White's Rule 600 claim has no merit.

In *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1260 (Pa. Super 2005), this Court held that delays imposed by a co-defendant are excludable time for other co-defendants in the same matter for Rule 600 calculations. As noted above, the criminal complaint was filed against White on March 26, 2009, making his mechanical run date March 26, 2010. Mr. Maldonado filed an omnibus pre-trial motion on January 29, 2010, and at that time trial was scheduled to take place on March 9, 2010. PCRA Court Opinion, 10/15/13 at 10. After a hearing on Mr. Maldonado's motion, the trial was continued to June 3, 2010, delaying trial by 86 days. All of this time was excludable under Rule 600 for both Mr. Maldonado and White. *See Kimbrough*, 872 A.2d at 1260.

The continuance necessitated by the pre-trial motion filed by Mr. Maldonado delayed White's mechanical run date for 86 days, from March 26, 2010 to June 20, 2010. Therefore, in order for White to have a meritorious Rule 600 claim, he would have had to been brought to trial after June 20,

2010. White entered his guilty plea on June 1, 2010, which is soundly within the 365 day requirement. **See Commonwealth v. Graham**, 576 A.2d 371, 374 (Pa. Super. 1990) (holding that for Rule 600 purposes trial commences on the date the defendant enters a guilty plea). Accordingly, we agree with the determination of the PCRA court that White's Rule 600 claim is without merit. As previously stated, the failure to prove one prong of the test defeats an ineffectiveness claim, so no further inquiry into this issue is necessary. The PCRA court's findings are clearly supported by the record, as our independent review confirms, and its decision is free of legal error. Therefore, White is entitled to no relief on this claim.

We now turn to White's second issue, in which he argues that his guilty plea was unknowingly or involuntarily made due to his lack of understanding of the requisite *mens rea* for third degree murder. Appellant's Brief at 17. We note that White raised this claim on direct appeal and this Court found that because White did not raise a challenge to the validity of his plea at any point in the trial court, he had waived the issue. **See White**, 1420 EDA 2011 (Pa. Super. June 19, 2012) (unpublished memorandum).

This Court has held that the failure to petition to withdraw a plea in the trial court will bar consideration of an attack on one's plea in collateral

proceedings.[3]  ***Young***, 695 A.2d at 421 n.4; ***Commonwealth v. McGriff***, 638 A.2d 1032, 1035 (Pa. Super. 1994).  Furthermore, Section 9544(b) of the PCRA states that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."  42 Pa.C.S.A. § 9544(b).  Therefore, as White failed to raise this issue before the trial court, he cannot raise it under the PCRA.  42 Pa.C.S.A. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove … [t]hat the allegation of error has not been previously litigated or waived.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2014

---

[3] This Court recognized an exception to this rule when a challenge to the voluntariness of the plea is couched in terms of ineffective assistance of counsel.  ***Young***, 695 A.2d at 421 n.3.