**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**John L. BOWES, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 2003.

Filed Dec. 9, 2003.

---

5. At the time of the Order terminating parental rights, the children had been in foster placement for at least 3½ years.

Brian V. Manchester, Bellefonte, for appellant.

Paul E. Cherry, Asst. Dist. Atty., and Cynthia B. Stewart, Asst. Dist. Atty., Clearfield, for Com., appellee.

Before: HUDOCK, GRACI, JJ., and McEWEN, P.J.E.

GRACI, J.

¶ 1 John Bowes ("Bowes") appeals from the judgment of sentence entered on March 21, 2003, in the Court of Common Pleas of Clearfield County.[1] For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 The trial court thoroughly summarized the factual and procedural history as follows:

A review of the case history shows that on June 5, 2001 a Felony charge of Receiving Stolen Property was filed against [Bowes] at the District Justice Office. On June 13, 2001, [Bowes] waived his Preliminary Hearing. [Bowes] appeared at Criminal Call on April 18, 2002 and signed a written Plea Agreement and Colloquy form wherein he agreed to plead guilty to the offense. This Plea and Colloquy were filed with the Clerk of Courts on April 22, 2002, and constituted a tender of the plea pursuant to Rule of Criminal Procedure 600[ (B) ].

[Bowes] was scheduled for Plea and Sentencing Court on June 25, 2002. At that time he appeared and, through counsel, requested permission to withdraw the guilty plea and proceed to Jury Trial. The Court entered an Order of that date permitting withdrawal of the plea and directing that the matter be scheduled for Trial by Jury. The Jury was ultimately selected on August 22, 2002 and trial scheduled for October 8, 2002. On the morning of trial, immediately before the commencement of the same, defense counsel made an oral Motion to Dismiss under Rule 600.[2] The Court dismissed the Motion Under Rule

---

1. Bowes incorrectly captioned his appeal as being taken from the denial of the Motion to Dismiss Pursuant to Pa.R.Crim.P. 600. His appeal is actually taken from his judgment of sentence and the caption has been changed accordingly.

2. Bowes in his brief disputes whether this motion was oral or written. Appellant's Brief, at 2 and 5. After review of the record it is unclear if this was a written or oral motion however, no written motion was ever docketed. Judge Ammerman issued a ruling on this

600, without prejudice, in order that the Jury Trial could continue. [Bowes] was convicted of Receiving Stolen Property offense following the conclusion of the Jury Trial. A written Motion to Dismiss pursuant to Rule 600 was filed on October 17, 2002.

[Bowes] was scheduled for Sentencing Court on October 18, 2002. However, he elected to become a fugitive and failed to appear for sentencing proceedings. A Bench Warrant was issued for his arrest. The Court also issued its Order of October 18, 2002 dismissing the Motion to Dismiss Under Rule 600.

[Bowes] was ultimately captured by law enforcement authorities sometime before March 21, 2003. On said date he appeared before the Court and sentence was imposed. Thereafter, a timely Notice of Appeal was filed to the Superior Court. . . .

Opinion, 5/15/03, at 1–2.

¶ 3 On appeal, Bowes raised two issues for our consideration:

1. Did [Bowes] timely file his Motion to Dismiss pursuant to Pa.R.Crim.P. 600?

2. Did [Bowes'] signing of a written guilty plea and guilty plea colloquy on April 18, 2002 and it's[*sic* ] subsequent filing on April 22, 2002 constitute the entry of a guilty plea pursuant to Pa.R.Crim.P. 590?

3. Did [Bowes'] improperly entered guilty plea toll the time used to calculate whether or not a trial should be dismissed pursuant to Pa. R.Crim.P. 600.

Appellant's Brief, at 1–2.

## II. DISCUSSION

¶ 4 "Our standard of review in evaluating Rule [600] issues is whether the

trial court abused its discretion . . . ." *Commonwealth v. Peer,* 454 Pa.Super. 109, 684 A.2d 1077, 1081 (1996) (citation omitted).

¶ 5 Initially, there is some confusion as to which motion to dismiss denial Bowes is appealing. The trial court in its 1925(b) opinion addressed only the second motion to dismiss filed on October 17, 2002. Opinion, 5/15/03, at 2. In his brief, Bowes challenges the decision denying his first motion to dismiss recorded on October 8, 2002. Appellant's Brief, at 5. We will address the trial court's dismissal of both motions.

¶ 6 The second motion to dismiss was properly denied by the trial court when Bowes failed to appear for sentencing and for argument on his motion to dismiss on October 18, 2002. Our case law on this issue is well settled and was correctly stated by the trial court in its Opinion:

[Bowes] has lost the ability to argue his position due to his decision to become a fugitive. Pennsylvania case law is clear that the Court must dismiss [Bowes'] Motion(s) as long as he remains a fugitive. At the time the [trial court] dismissed the Motion on October 18, 2002, [Bowes] arguably had failed to appear and was a fugitive. . . . "[T]he right to appeal is conditioned upon compliance with the procedures established by [The Supreme] Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Commonwealth v. Lines,* [415 Pa.Super. 438] 609 A.2d 832, [ ] 833

motion, denying it, and granting defense counsel leave to raise the issue again after the

jury returned with its verdict. N.T., 10/8/02, at 2.

(Pa.Super.1992) (citing *Commonwealth v. Passaro*, [504 Pa. 611, ]476 A.2d 346, [348–349] (Pa.1984)).

Opinion, 5/15/03, at 2. We find that the trial court did not abuse its discretion in denying this second motion to dismiss after Bowes failed to appear for sentencing and argument.

¶ 7 Rule 600 states in relevant part:

**Rule 600.  Prompt Trial**

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

. . .

(B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*

. . .

(D)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 120 days after the date of the order granting a new trial, if the defendant is incarcerated on that case.  If the defendant has been released on bail, trial shall commence within 365 days of the trial court's order.

. . .

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated.  A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

Pa.R.Crim.P. 600(A)(3), (B), (D)(1), and (G).

¶ 8 The current language of Rule 600 contains no requirement that an appli-

cation to dismiss be written and this Court has found that an oral motion to dismiss is sufficient to preserve a Rule 600 claim. *See Commonwealth v. Merriwether,* 382 Pa.Super. 411, 555 A.2d 906 (1989) (court considered oral motion to dismiss made on the record prior to a bench trial); *Commonwealth v. Vecchione,* 327 Pa.Super. 548, 476 A.2d 403, 407 (1984) (Court assumed arguendo that an oral motion to dismiss was sufficient to preserve a claim even though no argument was heard on the motion and no decision was recorded). In the present case, Bowes' trial counsel made an oral motion on the record immediately before trial.  The trial court then discussed the motion with both parties and entered a decision denying the motion. N.T. 10/8/02, at 2. We find that Bowes' first oral motion to dismiss sufficiently preserved his original Rule 600 claim.

¶ 9 Bowes argues that his signing of a guilty plea agreement and colloquy form were insufficient to toll the running of the Rule 600 prompt trial restrictions and therefore, Bowes' trial exceeded the 365 day limit.  We disagree.  Rule 600 does not require a plea to be accepted, but only requires that the plea is tendered in order to toll the running of the 365 day limit.  *See* Pa.R.Crim.P. 600(B).  This Court has interpreted a "tender" to be any good faith offer by the defendant stating his intent to enter a plea.  *Commonwealth v. Graham,* 394 Pa.Super. 453, 576 A.2d 371 (1990) (Statement of intent to enter plea was found sufficient to toll 365 day limit, regardless of fact that the plea was later withdrawn.)  Therefore, Bowes tender of his guilty plea on April 18, 2002, was well within the 365 day period that began with the filing of a complaint against Bowes on June 5, 2001, and there was no violation of Rule 600.

¶ 10 Pursuant to subsection (D)(1) of the Prompt Trial Rule, a new period began to

run when Bowes withdrew his guilty plea on June 25, 2002. The Comment to Rule 600 explains that "[t]he withdrawal of, rejection of, or successful challenge to a guilty plea should be considered the granting of a new trial for purposes of this rule." Since Bowes had been released on bail, the Commonwealth had 365 days from Bowes' withdrawal of his plea on June 25, 2002, or until June 25, 2003, to begin trial. Trial began on August 22, 2002, when *voir dire* was conducted and the jury was selected. *See Commonwealth v. Robinson,* 498 Pa. 379, 446 A.2d 895, 898 (1982) ("[a] trial commences when the trial judge determines that the parties are present and directs them to proceed to *voir dire* . . . .")[3] Therefore, we find that there was no violation of Rule 600 and the trial court properly denied Bowes' first motion to dismiss.

### III. CONCLUSION

¶ 11 We find the trial court properly denied Bowes' first motion to dismiss because Bowes tendered a plea before the 365 day limit which tolled the prompt trial time restrictions. Furthermore, Bowes' trial began within 120 days of the withdrawal of his guilty plea. Additionally, we find the trial court properly denied Bowes' second motion to dismiss because Bowes failed to appear for sentencing and argument. For these reasons we find no error in the decision of the trial court denying both motions to dismiss under Pa. R.Crim.P. 600.

¶ 12 Judgment of sentence affirmed.

---

**3.** We note, as well, that Bowes' motion to dismiss, made on October 8, 2002, was too late since trial had commenced when the jury was selected on August 22, 2002. The rule requires that the dismissal motion be made "at any time before trial." Pa.R.Crim.P. 600(G). Accordingly, the motion made after the jury was selected was untimely.