J-S41011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES A. ZIMMERMAN, | |
| Appellant | No. 1510 MDA 2014 |

Appeal from the Order entered May 14, 2014,
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0001502-2007

BEFORE: ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JUNE 26, 2015**

James A. Zimmerman ("Appellant") appeals from the order denying his motion to dismiss pursuant to Pa.R.Crim.P. 600. We affirm.

The trial court summarized the procedural history of this case as follows:

> On June 18, 2007, a Criminal Complaint was filed which charged [Appellant] with Driving Under the Influence of Alcohol, High Rate of Alcohol, Third Offense, Driving Under the Influence of Alcohol, General Impairment, Third Offense, and the summary offenses of Driving While Operating Privilege is Suspended or Revoked, DUI-Related, Alcohol in System, and General Lighting Requirements for an incident which occurred on June 6, 2007. [Appellant] was notified that his Arraignment was scheduled for September 12, 2007 and was directed to appear for the Call of the List scheduled for October 25, 2007 and the term of Criminal Jury Trials on November 5, 2007. However, he failed to appear for Call of the List on October 25, 2007 and a Bench Warrant was issued. At that time, [Appellant's] address was listed as 250 Valley Lane, Annville, Pennsylvania, 17003.

---

*Retired Senior Judge assigned to the Superior Court.

On May 5, 2008, [Appellant] was incarcerated in the Lebanon County Correctional Facility ("LCCF") for a sixty-day period after he pled guilty to the summary offense of Driving While Operating Privilege is Suspended or Revoked, DUI-Related, before the Honorable Michael D. Smith, Magisterial District Judge, 52-3-04 regarding an incident which had occurred on April 11, 2007. He was released from LCCF on July 3, 2008. Sometime subsequent to his release, [Appellant] moved from his previous address to his current residence at 2842 D Horseshoe Pike, Campbelltown, in Lebanon County.

[Appellant] was arrested on the Bench Warrant issued in this case on June 29, 2013. He appeared at Bench Warrant Court on July 1, 2013 and bail was set in the amount of five hundred dollars ($500.00). He was directed to appear for the Call of the List scheduled for July 25, 2013. On July 10, 2013, [Appellant] posted bail and was released from custody.

[Appellant] applied for and was granted court-appointed counsel on July 15, 2013. After he submitted an application for the Lebanon County DUI-Court program, his Call of the List date was continued from July 25, 2013, to August 29, 2013, and then again to October 24, 2013. On October 24, 2013, [Appellant] appeared and entered a negotiated plea for a sentence of a nine-month minimum, with the Judge to set the maximum, and standard DUI conditions. On December 18, 2013, [Appellant] appeared for Sentencing but requested and was granted a continuance to January 22, 2014 to investigate potential Rule 600 issues.

On January 15, 2014, [Appellant] filed a Motion to Dismiss Pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure on the basis that the Commonwealth failed to bring him to trial within the 365 days permitted by Pa.R.Crim.P. 600. The Commonwealth filed its Response on January 30, 2014 and on February 12, 2014, we conducted a hearing on the Motion.

Trial Court Opinion, 5/14/14, at 1-3 (footnote omitted).

Following the hearing, the trial court denied Appellant's motion to dismiss. On June 11, 2014, the trial court sentenced Appellant to nine months to five years of incarceration. Appellant filed a post-sentence

motion, which the trial court denied on August 19, 2014. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

Did the Lower Court err in denying Appellant's Motion to Dismiss Charges pursuant to Rule 600 because the requisite three hundred sixty-five (365) days had elapsed since the filing of the criminal complaint in this matter, and the Commonwealth failed to exercise due diligence in determining Appellant's whereabouts over that time period?

Appellant's Brief at 4.

Initially, we recognize:

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review ... is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from

good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Thompson*, 93 A.3d 478, 486-487 (Pa. Super. 2014) (citations omitted).

The essence of Appellant's argument is that although he "missed a court date early in his proceedings, he was thereafter in the Commonwealth's custody for a period of two months, after which time there was an unreasonable delay in bringing [Appellant to court] to answer to his charges." Appellant's Brief at 9. Appellant further asserts that the Commonwealth failed to exercise due diligence in bringing him to trial because he was incarcerated from May 5, 2008 until his release on July 3, 2008, when "he could have been easily transported to the Court House." *Id*.

The Commonwealth counters that a due diligence analysis is not necessary because Appellant waived his Pa.R.Crim.P. 600 claim when he failed to appear for Call of the List on October 25, 2007. Commonwealth Brief at 4-7. The trial court takes this position as well. Trial Court Opinion, 5/14/14, at 6-11. Both the Commonwealth and the trial court cite our Supreme Court's decisions in *Commonwealth v. Brock*, 61 A.3d 1015 (Pa. 2013) and *Commonwealth v. Steltz*, 560 A.2d 1390 (Pa. 1989).

Applying those cases to the facts of his case, the trial court reasoned:

[Appellant] attempts to distinguish these cases on the basis that he merely failed to appear for the Call of the List and not the actual Trial of his case. A similar issue was addressed in **Brock**. In that case, the Superior Court had distinguished the facts from **Steltz** on the basis that the defendant in **Steltz** absconded after the jury venire had been empaneled, which it deemed a substantive stage leading to the guilt determining process, and in **Brock** the jury had not yet been impaneled. In addressing this issue, the Supreme Court noted that although preliminary calendar calls do not constitute commencement of a trial, "…[t]he impact of the defendant's failure to appear is equally adverse regardless of the stage of the proceedings; once a case has been is (sic) listed for trial, it is irrelevant whether the defendant absents himself before the proceedings commence or after a substantive event had occurred, as in **Steltz**. A defendant cannot be permitted to frustrate the judicial process in this manner." **Brock**, *supra* at 1022.

Here, [Appellant] was on the Criminal Call of the List and had not only been ordered to appear at the Call on October 25, 2007, but had also been directed to appear for Trial during the Term of Criminal Jury Trials which would commence a few days later on November 5, 2007. He failed to appear at both proceedings. Regardless of whether he absented himself from Call of the List or on the day scheduled for the commencement of jury trials, his conduct disrupted the orderly process of this case and frustrated the Commonwealth's efforts to comply with Rule 600. Under the reasoning of the **Brock** decision, we cannot approve his manipulation and frustration of the judicial process in this manner.

[Appellant] argues that the fact that his guilty plea was entered beyond the expiration of the 365 time period requires that we dismiss the charges against him. In asserting this argument, he points to **Commonwealth v. Bowes**, 839 A.2d 422 (Pa. Super. 2003). In that case, the Defendant initially entered his guilty plea prior to the expiration of the 365 days. He was subsequently permitted to withdraw his guilty plea and proceed to trial. Immediately prior to the beginning of his trial, he moved for dismissal under Rule 600. After the court denied his motion, he was tried and convicted of the charges. He then absconded prior to his sentencing. After being apprehended, he

made a second motion for dismissal based on the expiration of the 365 day period. The court simply held that the running of the time period under Rule 600 was tolled by the entry of his guilty plea prior to the expiration of the 365 days and engaged in a calculation of time periods under Rule 600.

[Appellant] claims that **Bowes** somehow supports a different result here since he did not use his guilty plea to toll the running of the 365 days. We fail to see how this is so. In **Bowes** the defendant had absconded after his trial and, as such, there was no waiver issue. Here, [Appellant's] decision not to appear at either the Call of the List, the November 2007 Trial term or thereafter, resulted in his waiver of all claims under Rule 600. This is a different scenario which was caused by [Appellant's] disruption of the timely and orderly process toward the conclusion of his case and the timing of his guilty plea does not affect the outcome of this matter.

Trial Court Opinion, 5/14/14, at 8-11.

The trial court's reasoning is supported by our review of the record and reading of case law, including **Brock** and **Steltz**. "[T]he general rule is that, where a period of delay is caused by the defendant's willful failure to appear at a court proceeding of which he has notice, exclusion is warranted. Further, if a defendant is deemed to have had reasonable notice of court proceedings, but fails to appear, **the Commonwealth's due diligence in attempting to locate him need not be assessed**." **Commonwealth v. Baird**, 975 A.2d 1113, 1118 (Pa. 2009) (emphasis supplied).

Here, Appellant concedes that he "missed a court date early in his proceedings." **See** Appellant's Brief at 9. Given the facts before us and applicable legal authority, we discern no abuse of discretion by the trial court, and thus affirm the denial of Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015