J-S73020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARMONI M. JOHNSON | |
| Appellant | No. 2119 MDA 2013 |

Appeal from the Judgment of Sentence of October 21, 2013
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002713-2011

BEFORE: BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.: **FILED JULY 30, 2015**

Armoni M. Johnson appeals his October 21, 2013 judgment of sentence for one count each of aggravated assault, a felony of the first degree, and aggravated assault, a felony of the second degree. **See** 18 Pa.C.S. §§ 2702(a)(1), (4), respectively. This case returns to us following our prior memorandum addressing Johnson's counsel's **Anders**/**Santiago** brief.[1] Therein, we explained that counsel had failed in several regards to comply fully with the **Anders**/**Santiago** requirements. Accordingly, we returned the matter to counsel with direction to prepare a compliant **Anders**/**Santiago** brief or to prepare an advocate's brief on

_____

[1] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). In **Santiago**, our Supreme Court developed certain rules to ensure compliance with the principles underlying the **Anders** decision.

Johnson's behalf. *See generally Commonwealth v. Johnson*, Memorandum, 2/3/2015. Counsel elected to file an advocate's brief, and the case now is ripe for disposition on the merits. We affirm.

The trial court has provided the following factual history:

On August 7, 2011, the victim, Justin Barna, was a resident in the Capital Hill Apartments, Mountaintop[,] Pennsylvania. In the past, Justin Barna was a regular user of heroin and had purchased drugs from Johnson, in particular, heroin. Approximately one week prior to the date of the incident, the victim purchased four (4) bags of heroin from Johnson. On August 5, 2011, Johnson contacted the victim and accused him of robbing him of his drugs and informing him that he was coming to his home to retrieve the same.

On August 7, 2011, the victim had been with his neighbor, Jeffery Petry, having traveled to a pawn shop in the Wilkes-Barre area and then returning to their respective apartments. On that date, the victim heard a knock at the door. As the victim slightly opened his door, Johnson pushed the door open and commenced stabbing him. Johnson repeatedly stabbed the victim in the victim's apartment and again in the hallway causing the victim to fall through his neighbor's, Jeffery Petry's, door. The victim was transported to the hospital where he spent five (5) days and underwent three (3) separate surgeries. Johnson stabbed the victim in the stomach, under the arm, and in the back.

The Commonwealth called Jeffery Petry as a witness who was a neighbor of the victim, Justin Barna, at the Capital Hill Apartments. Mr. Petry testified that after the victim left his apartment on August 7, 2011, he heard noises, including a voice saying "You're stabbing me!" . . . . He further testified that he observed a knife in [Barna's] apartment with blood on it.

The Commonwealth called [Sergeant] Scott Rozitski from the Wright Township Police Department who testified that when he arrived at the scene on August 7, 2011, he witnessed the victim standing on the sidewalk holding his stomach. He also described blood on Barna's shirt, blood on the ground near the victim, and the fatty tissue coming out of the wounds that were inflicted.

- 2 -

[Sergeant] Rozitski also testified that there were no weapons on the victim and the victim told him that Johnson had stabbed him.

Trial Court Opinion ("T.C.O"), 1/23/2014, at 3-4 (record citations omitted and nomenclature modified).

The trial court related the procedural history as follows:

[T]he Commonwealth of Pennsylvania brought the following charges against [Johnson]: Count 1—Aggravated Assault 18 Pa.C.S. § 2702(a)(1); Count 2—Criminal Conspiracy 18 Pa.C.S. § 903; Count 3—Burglary 18 Pa.C.S. § 3502(a); Count 4—Aggravated Assault 18 Pa.C.S. § 2702(a)(4); Count 5—Criminal Conspiracy 18 Pa.C.S. § 903.

T.C.O. at 1. On or about August 6, 2012, Johnson tendered a guilty plea. However, in a document entered on October 12, 2012, the trial court granted Johnson's putative request to withdraw his guilty plea.[2] ***See*** Issue/Lift Capias, 10/12/2012.

Prior to the commencement of trial, the Commonwealth withdrew Count 2 Criminal Conspiracy and Count 5 Criminal Conspiracy. On July 15, 2013, Johnson presented a motion for dismissal pursuant to Pa.R.Crim.P. 600. On that date, the Commonwealth similarly presented a [Pa.R.E. 404(b)] motion seeking to admit specific prior bad acts. Johnson's Rule 600 motion was denied and the Commonwealth's [Rule] 404([b]) motion was granted.

On Tuesday, July 16, 2013, a jury trial was commenced. At the conclusion of the trial, the jury rendered a verdict as follows:

_____

[2] The certified record contains no written motion to withdraw the prior plea tender.

- 3 -

Count 1—Aggravated Assault—Guilty; Count 2—Aggravated Assault—Guilty; Count 3—Burglary—Not Guilty.[3]

On October 11, 2013, the [trial c]ourt sentenced Johnson as follows: Count 1—Aggravated Assault—[a] sixty-six (66)[-]month minimum to a one hundred fifty-six (156)[-]month maximum in a state correctional institut[ion] followed by sixty (60) months['] special probation; Count 2—Aggravated Assault—fifteen (15) months minimum to sixty (60) months maximum concurrent to Count 1.

Thereafter, on October 18, 2013, Johnson filed a Motion to Modify Sentence[,] which was denied by way of Order dated October 21, 2013. Subsequent thereto, Johnson filed a Notice of Appeal on November 13, 2013. On November 14, 2013, the Court entered an order directing Johnson to file a Concise Statement of Errors Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)]. On December 4, 2013, Johnson filed an Amended Motion to Extend Time for Filing a Concise Statement Pursuant to Pa.R.A.P. 1925. Upon consideration of that motion, the Court granted Johnson ten (10) days after receipt of sentencing/revocation hearing transcript to file his Concise Statement.

T.C.O. at 1-2 (citations and nomenclature modified).[4] As noted, *supra*, upon

review of appointed counsel's ***Anders***/***Santiago*** brief, we found that

_____

3   The trial court's renumbering of the counts as originally charged counts is immaterial to our analysis.

4   The trial court entered its order granting Johnson ten additional days to file his Rule 1925(b) statement on December 6, 2013. The ten-day extension was indexed to Johnson's receipt of his sentencing hearing transcript. The record does not disclose when Johnson received that transcript, although the record does indicate that the transcript in question was filed on October 18, 2013, long before Johnson filed his notice of appeal and his motion to extend time to file his Rule 1925(b) statement. Nonetheless, Johnson did not file his Rule 1925(b) statement until January 21, 2014, rendering it potentially untimely. Although our Supreme Court has made clear that failure to file a Rule 1925(b) statement within the time allotted by the trial court constitutes *per se* waiver of all issues on appeal,
*(Footnote Continued Next Page)*

counsel failed fully to satisfy the **Anders**/**Santiago** requirements. Accordingly, we remanded with direction that counsel file a compliant **Anders**/**Santiago** brief or an advocate's brief.

Counsel prepared an advocate's brief raising the following issues:

I. Did the Trial Court err as a matter of law or abuse its discretion in failing to dismiss all charges pursuant to Pa.R.C[rim].P. 600[?]

II. Did the Trial Court err in allowing the Commonwealth to present evidence of prior bad acts[,] of which the probative value is outweighed by [the] prejudicial effect this evidence would have on the minds of the jurors and [which] is irrelevant to the Commonwealth's proof of the case[,] thereby depriving [Johnson] of a fair trial[?]

III. Did the Trial Court err by instructing the jury on a charge of causing or attempting to cause serious bodily injury, Aggravated Assault[,] wherein the Commonwealth failed to produce a medical expert or sufficient evidence to sustain such an instruction[?]

IV. Whether the verdict on count one, Aggravated Assault, [was] against the weight of the evidence, that [Johnson] caused or attempted to cause serious bodily injury [*sic*][?]

---
*(Footnote Continued)*

**Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005), in the context of direct appeals of criminal convictions, amended Rule 1925 has introduced an efficiency that protects a defendant against the failure of counsel to comply with a Rule 1925(a) order. Rule 1925(c) provides that, when an attorney fails to file a timely Rule 1925(b) statement, we may remand the case for the filing of a Rule 1925(b) statement *nunc pro tunc*. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*). We further held that, rather than remand for the filing of a new statement, we may decide the appeal "if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Id.** Such is the case here. Consequently, we will review the merits of this appeal rather than remand.

Brief for Johnson at 1.

In Johnson's first issue, he contends that the trial court erred in declining to dismiss all charges due to the Commonwealth's failure to bring him to trial within one year of his arrest as required by Pa.R.Crim.P. 600. We find that this issue is waived.

Rule 600(D)(1) provides as follows:

> When a defendant has not been brought to trial within the [one-year time limit] set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a **written motion** requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(1) (emphasis added). Rule 600(D)(2) similarly provides that relief under that provision may be sought by filing a written motion that "shall be served on the attorney for the Commonwealth concurrently with the filing." Pa.R.Crim.P. 600(D)(2). Our Supreme Court has held as follows:

> [T]he requirement that a copy of a motion to dismiss be served upon the attorney for the Commonwealth clearly presupposes the filing of a written motion. . . . [W]e reiterate that a motion to dismiss pursuant to Pa.R.Crim.P. 600 **must be made in writing**, and a copy of such motion must be served on the Commonwealth's attorney.

*Commonwealth v. Brock*, 61 A.3d 1015, 1020-21 (Pa. 2013) (emphasis added) (reaffirming that *Commonwealth v. Drake*, 414 A.2d 1023 (Pa. 1980), which was decided under Rule 600's predecessor,

Pa.R.Crim.P. 1100, applied to Rule 600 because Rule 600's language concerning the necessity of a written motion was materially the same as Rule 1100's corresponding language). Thus, failure to file a written motion as required by Rule 600(D) necessarily results in waiver of any Rule 600(D)-related claim on appeal.

The certified record in this matter contains no written motion, nor any evidence that such a motion was served upon the Commonwealth. To the contrary, the only evidence of such a motion contained in the record is a notation in the court's documentation of the July 15, 2013 pre-trial hearing that "[Johnson's] Oral Motion to Dismiss Pursuant to Rule 600(D)(1) is Denied." As **Brock** made clear, an oral motion for dismissal under Rule 600(D)(1) is insufficient to preserve that issue for appeal. Consequently, Johnson has waived this issue and we shall not review it further.[5]

In Johnson's second issue, he contends that the trial court erred in permitting the Commonwealth to introduce prior bad acts evidence under Pa.R.E. 404, specifically Barna's testimony regarding his prior drug transactions with Johnson. The admission of evidence of prior criminal acts is generally precluded, by Rule 404, which provides, in relevant part:

---

[5] Notably, the case upon which Johnson relies, **Commonwealth v. Bowes**, 839 A.2d 422 (Pa. Super. 2003), in which this Court did not find waiver where the defendant's Rule 600 motion was presented orally, was expressly disapproved by the **Brock** Court. **See Brock**, 61 A.3d at 287.

**(b)   Crimes, Wrongs or Other Acts.**

*(1)      Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2)      Permitted Uses.*  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.   In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404.

Our Supreme Court has elaborated as follows regarding the purpose and effect of the rule, as well as the exceptions thereto:

Evidence of distinct crimes [is] not admissible against a defendant being prosecuted for another crime *solely* to show his bad character and his propensity for committing criminal acts. However, evidence of other crimes and/or violent acts may be admissible in special circumstances where the evidence is relevant for some other legitimate purpose and not merely to prejudice the defendant by showing him to be a person of bad character.  As we recently stated . . . :

The general rule prohibiting the admission of evidence of prior crimes nevertheless[:]

allows evidence of other crimes to be introduced to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

This list of "special circumstances" is not exclusive, and this Court has demonstrated it will recognize additional exceptions to

the general rule where the probative value of the evidence outweighs the tendency to prejudice the jury.

Another "special circumstance" where evidence of other crimes may be relevant and admissible is where such evidence was part of the chain or sequence of events which became part of the history of the case and formed part of the natural development of the facts. This special circumstance, sometimes referred to as the "*res gestae*" exception to the general proscription against evidence of other crimes, is also known as the "complete story" rationale, *i.e.,* evidence of other criminal acts is admissible to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.

*Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988) (citations omitted; internal quotation marks omitted; formatting modified).

When we review a trial court's ruling on [the] admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party.

*Lykes v. Yates*, 77 A.3d 27, 32 (Pa. Super. 2013) (quoting *Reott v. Asia Trend, Inc.*, 7 A.3d 830, 839 (Pa. Super. 2010)).

The trial court explained its reasoning as follows:

In the instant matter, the Commonwealth sought to present evidence that the victim purchased heroin from [Johnson] in the week prior to the incident.

\* \* \* \*

There is a logical connection between the act of selling drugs to the victim and the crime at issue[,] which establishes that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances. Here, the evidence could certainly provide the jury with the basis that the aggravated assault charge grew out of or was in any way caused

by the prior set of facts and circumstances. Further, this [c]ourt finds no danger that the contested evidence would stir such passion in the finder of fact as to sweep them beyond a rational consideration of the guilt or innocence of the crime on trial. The [c]ourt's decision to allow evidence of prior drug sales from [Johnson] to the victim was permissible to establish motive for the crimes charged.

T.C.O. at 5-6 (citations omitted).

Johnson argues as follows:

[P]ermitting evidence that the victim had recently purchased drugs from [Johnson] and that [Johnson] asked the victim to stash drugs in his apartment was prejudicial, irrelevant, and should have been excluded. . . .  There was no evidence drugs were ever sold by [Johnson] to the victim by way of video evidence; proof money was exchanged in a drug transaction; the drugs allegedly sold; or that [Johnson] was convicted of these alleged drug offenses.

Instantly, the victim's testimony about prior drug buys was extremely prejudicial to [Johnson] and influenced the jury into making its decision based on incidents that were not relevant to the instant case.

* * * *

The Commonwealth relied in totality upon the testimony of Mr. Barna and failed to offer any tangible evidence of these alleged "bad acts[."]

Brief for Johnson at 10-11.

Johnson's argument is devoid of any on-point case law establishing a basis for relief under circumstances similar to those presented in this matter. Moreover, we find no abuse of discretion in the trial court's determination that evidence of prior drug transactions between Johnson and Barna was admissible as evidence of motive and/or under the *res gestae* exception to

Rule 404. Barna testified that Johnson's attack was retaliation based upon Johnson's belief that Barna had stolen drugs from Johnson, an averment that presupposed prior criminal interactions between the parties. Thus, Barna's testimony regarding any such interactions was relevant to his own assertion that the assault at issue in this case grew out of the prior set of facts and circumstances, thereby establishing the parties' prior course of dealings as well as a possible motive for Johnson's assault. Nor do we find that this evidence was so prejudicial relative to its probative value that the trial court's admission of it was an abuse of discretion. Accordingly, Johnson is entitled to no relief on this claim.

In his third issue, Johnson contends that the trial court erred by instructing the jury on a charge of causing or attempting to cause serious bodily injury because the Commonwealth did not introduce expert medical evidence to sustain such an instruction. A defendant is guilty of aggravated assault if a jury finds, beyond a reasonable doubt, that the defendant "attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifferent to the value of human life." 18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of function of any bodily member or organ." 18 Pa.C.S. § 2301.

Appellant's argument is difficult to decipher:

- 11 -

> At issue is [Johnson's] contention that the words "attempted to cause serious bodily injury" should have been eliminated from the jury instruction . . . . [Johnson] further argues that because the Commonwealth failed to present medical evidence proving serious bodily injury, and by failing to do so, the attempt language should be eliminated.
>
> The jury instruction [at issue was] as follows:
>
>> At Count I, Aggravated Assault, the charge is that [Johnson] intentionally, knowingly or recklessly under circumstances manifesting extreme indifferent to the value of human life caused or attempted to cause serious bodily injury to Justin Barna, that is to say the actor stabbed the victim multiple times.
>
> [Notes of Testimony, 7/16/2013, at 141-42.[6]]
>
> [Johnson] contends that the above is an improper jury charge and suggests that a new trial is warranted.

Brief for Johnson at 12-13. Johnson cites no legal authority beyond a handful of cases that establish the general principles that apply when a party challenges a jury instruction. Notably, he cites no precedent to support the putative necessity of medical testimony to establish that Barna suffered a serious bodily injury. Moreover, he does not dispute that the trial court's jury instruction was faithful to the statutory definition of aggravated assault.

"In addressing challenges to jury instructions, we consider the challenged portions in light of the entire instruction, and we acknowledge that trial courts have broad discretion in phrasing the charge so long as the

_____

[6]    The record arrives before this Court without a transcript of the trial proceedings. Rather than delay resolution of this appeal further, we accept as true Johnson's account of the jury instructions.

- 12 -

law is clearly, adequately and accurately described." ***Commonwealth v. Ly***, 980 A.2d 61, 88 (Pa. 2009). Moreover, a challenge to a trial court's jury instruction is subject to the harmless-error doctrine: "[U]nder the harmless error doctrine, the judgment of sentence will be affirmed in spite of the error only where the reviewing court concludes beyond a reasonable doubt that the error did not contribute to the verdict." ***Commonwealth v. Bullock***, 913 A.2d 207, 218 (Pa. 2006).

Pennsylvania law does not support Johnson's argument. Aggravated assault cases routinely result in guilty verdicts without expert medical evidence regarding the severity of the victim's injuries. For example, in ***Commonwealth v. Gray***, 867 A.2d 560 (Pa. Super. 2005), we found sufficient evidence to support a conviction for aggravated assault where the only evidence of a medical nature involved the defense's stipulation that the victim had reported to her physician that she had been stabbed in the arm with a knife and in the forehead and scalp with a screwdriver. ***Id.*** at 568. No expert testimony was introduced at trial to establish that these wounds were inflicted by the appellant or constituted serious bodily injuries. Nonetheless, based upon the testimony of police officers and the fact of the injuries themselves, we determined that "the fact-finder could conclude that [the defendant] perpetrated the instant assault and that the infliction of multiple stab wounds, including a wound above the eye and a wound to the scalp, demonstrated his intent to inflict serious bodily injury." ***Id.***

The evidence as related by the trial court, the substance of which is not disputed, when viewed in the light most favorable to the Commonwealth as verdict-winner, established a basis upon which a jury could conclude that Johnson stabbed Barna in the stomach, under the arm, and in the back. Barna spent five days in the hospital and underwent three separate surgeries. Sergeant Rozitski, the first responder on the scene, testified that, upon his arrival, he observed blood on Barna's shirt, blood on the ground near the victim, and saw fatty tissue emerging from Barna's wounds. *See* T.C.O. at 3-4.

In light of this evidentiary showing, it is difficult to discern why Johnson believes that the "attempted to cause serious bodily injury" language should have been omitted from the jury charge for want of sufficient evidence to support such a conclusion. Moreover, the evidence presented at trial also was consistent with the **actual** infliction of serious bodily injury, as defined *supra*, and there is no basis in the record from which we can conclude that the jury did not find Johnson guilty of aggravated assault under that branch of the offense's definition. Johnson does not challenge this aspect of the jury instruction or address this possibility that the jury determined that he was guilty on that basis rather than of merely **attempting** to cause serious bodily injury. Accordingly, Johnson is not entitled to relief on this claim.

Finally, Johnson contends that his conviction for aggravated assault was against the weight of the evidence. When reviewing a trial court's ruling

that the verdict was not contrary to the weight of the evidence, we review the trial court's exercise of discretion, rather than the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Smith*, 985 A.2d 886, 888 (Pa. 2009). Because the jury is free to believe all, part, or none of the evidence presented, a new trial should not be granted merely because the judge, on the same facts, would have arrived at a different conclusion. *Commonwealth v. Widmer*, 744 A.2d 745, 752 (Pa. 2000). Instead, "the role of the trial judge is to determine that[,] notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* Hence, the trial court should award a new trial only when the jury's verdict is "so contrary to the evidence as to shock one's sense of justice[,] and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994). In effect, "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (Pa. 2011). Precisely because we review the trial court's discretion in rejecting a challenge to the weight of the evidence rather than the evidence itself, we may review a challenge to the weight of the evidence only if it has been preserved in an oral or written post-trial motion, enabling the trial court to assess the challenge in the first instance. *See* Pa.R.Crim.P. 607(A); *Commonwealth v. Causey*, 833 A.2d 165, 173 (Pa. Super. 2003).

The record indicates that Johnson did not challenge the weight of the evidence in any of his written post-trial filings. Similarly, he does not assert that he did so orally following trial. In any event, Johnson's argument consists of a recitation of aspersions against Barna that, Johnson contends, necessarily discredited his testimony beyond repair. Johnson contends that Barna was convicted of "several crimes of dishonesty" and acknowledged being a heroin addict. Even assuming that Johnson properly preserved the issue, none of these considerations establish that the trial court abused its discretion in rejecting Johnson's argument. Given the tendentious, conclusory nature of Johnson's argument and his failure to establish his preservation of this issue in the first instance, we cannot conclude that he is entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2015