J-S25003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD CHARLES ACEVEDO | : | |
| | : | |
| Appellant | : | No. 702 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 5, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0001590-2021

BEFORE:  PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED SEPTEMBER 4, 2025**

Edward Charles Acevedo appeals from the judgment of sentence imposed on February 5, 2024, for his convictions of two counts of aggravated assault, and one count each of simple assault and possessing instruments of crime.[1] Acevedo's counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) ("***Anders*** brief"), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

The following factual summary was obtained from the certified record. On March 10, 2021, Assaf Issa ("Victim") was outside his apartment building in Allentown, Pennsylvania. He was waiting for his wife to arrive home.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 2702(a)(4), 2701(a)(1), and 907(a), respectively.

Acevedo lived in the same apartment building. While Victim was waiting outside, Acevedo approached him with a baseball bat. Unprovoked, Acevedo hit Victim several times with the baseball bat. Victim's injuries included a large head laceration, skull fracture, subarachnoid hemorrhage, subdural hemorrhage, and multiple bruises. At the time of trial, over two years later, Victim still had numbness in his left hand and right leg from the injuries Acevedo inflicted. Victim quickly identified Acevedo as his attacker when interviewed by police at the hospital. Police also interviewed several witnesses who identified Acevedo as the man who attacked Victim with a baseball bat.

Acevedo was charged on March 10, 2021. After multiple continuances, Acevedo pled guilty on November 28, 2022. However, at the sentencing hearing on March 20, 2023, Acevedo's counsel requested to withdraw from representation. The trial court granted the request. Acevedo chose to proceed pro se and requested to withdraw his guilty plea. The trial court granted Acevedo's request and scheduled trial for April 17, 2023. On April 3, 2023, Acevedo filed a motion to dismiss for violation of Rule 600.[2] A hearing was held on the motion on April 24, 2023. After the hearing, the trial court took the matter under advisement and issued an order denying the motion on May 17, 2023. Acevedo proceeded to trial held October 16-17, 2023, and the jury found him guilty as noted above.

_____

[2] Pa.R.Crim.P. 600.

Acevedo was sentenced to an aggregate 10 to 20 years' incarceration on February 5, 2024. Acevedo filed a post-sentence motion that the trial court denied on February 14, 2024. Acevedo filed an appeal but did not comply with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). Acevedo, on June 28, 2024, requested this Court appoint him counsel for his appeal. This Court ordered the trial court to appoint counsel for Acevedo.

Appointed counsel filed an application for remand on November 7, 2024, to request transcripts and file a Rule 1925(b) statement. This Court granted the application on December 10, 2024, and retained jurisdiction. Counsel obtained the necessary transcripts and filed a notice of intent to file an *Anders* brief pursuant to Rule 1925(c)(4). *See* Pa.R.A.P. 1925(c)(4).

As noted above, counsel has filed an *Anders* brief. Acevedo has not filed a response. Counsel identified three issues Acevedo wished to raise on appeal: (1) sufficiency of the evidence for all four convictions, (2) Rule 600 speedy trial, and (3) merger of the aggravated assault convictions.

We begin by determining if counsel complied with the dictates of *Anders* and *Santiago*.

> When faced with a purported *Anders*[] brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed pro se, or raise additional arguments that the appellant considers worthy of the court's

attention. In an **Anders**[] brief, counsel must set forth the issues that the defendant[/appellant] wishes to raise and any other claims necessary to effectuate appellate presentation of those issues.

Additionally, counsel must file a brief that meets the requirements established in **Santiago**, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. This includes an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel.

**Commonwealth v. Thompson**, 333 A.3d 461, 466 (Pa. Super. 2025) (quotation marks, italics, brackets, and citations omitted).

Here, counsel complied with the dictates of **Anders** and **Santiago**. Counsel filed an application to withdraw as counsel wherein he notes he made a conscientious review of the record and determined the appeal is frivolous. **See** Application to Withdraw, at 1 (pagination added for ease of reference). Attached to the application is a letter to Acevedo indicating the brief and application are enclosed and advising Acevedo that he may hire private counsel or file a brief pro se with this Court raising any issues he believes are meritorious. **See id.** at Appendix A.

- 4 -

In counsel's **Anders** brief, he sets forth the issues Acevedo wanted to raise, provides a summary of the factual and procedural history with citations to the record, refers to anything that arguably supports the appeal, concludes the appeal is frivolous as well as his reasons for said conclusion. **See Anders** brief, at 2-13. Counsel provides relevant facts, case law, and statutes on point. **See id.** at 5-13. As counsel complied with the requirements, we will conduct our own review to determine if this appeal is wholly frivolous.

First, Acevedo asserts the evidence was insufficient to sustain his convictions of aggravated assault, attempting to or causing serious bodily injury, aggravated assault with a deadly weapon, simple assault, and possessing instruments of crime.

Our scope and standard of review are well-settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Kennedy*, 332 A.3d 133, 140 (Pa. Super. 2025) (citation omitted).

First, Acevedo challenges his convictions for aggravated assault. One aggravated assault conviction required the Commonwealth to prove Acevedo "attempt[ed] to cause serious bodily injury to another, or cause[d] such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

The second aggravated assault conviction required the Commonwealth to prove Acevedo "attempt[ed] to cause or intentionally or knowingly cause[d] bodily injury to another with a deadly weapon[.]" 18 Pa.C.S.A. § 2702(a)(4). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. "Deadly weapon" is defined as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." *Id.*

Our Court has consistently held that "[a] baseball bat, when swung at the head, can be a very deadly weapon, and it is well settled the use of a

deadly weapon on a vital part of the body is sufficient to establish a specific intent to kill." *Commonwealth v. Nichols*, 692 A.2d 181, 184 (Pa. Super. 1997) (citation and footnote omitted); *see also Commonwealth v. Sinkiewicz*, 293 A.3d 681, 692 (Pa. Super. 2023) (noting a baseball bat is a deadly weapon).

Here, Acevedo swung a baseball bat at Victim's head and body, causing a skull fracture, subarachnoid hemorrhage, subdural hemorrhage, bruising, and issues with numbness in his extremities two years later. Victim and two eyewitnesses identified Acevedo as the man who assaulted Victim. Clearly, this evidence was sufficient as to both counts of aggravated assault.

Next, Acevedo asserts the evidence was insufficient for the conviction of simple assault. Simple assault, as charged here, required the Commonwealth to prove Acevedo "attempt[ed] to cause or intentionally, knowingly or recklessly cause[d] bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). Certainly, if swinging a baseball bat at another's head is sufficient evidence of aggravated assault, it is also sufficient evidence of simple assault.

Finally, Acevedo argues the evidence was insufficient as to his conviction of possessing instruments of crime. For this charge, the Commonwealth was required to prove Acevedo "possesse[d] any instrument of crime with intent to employ it criminally." 18 Pa.C.S.A. § 907(a). "Instrument of crime" is defined as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under

circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

Acevedo used a baseball bat, something not specially made or adapted for criminal use, to hit Victim in the head and body. This meets the second definition of instrument of crime: the baseball bat here was used for criminal purposes (assaulting Victim) and possessed by Acevedo for that criminal purpose. As counsel correctly notes, Acevedo's sufficiency challenges are frivolous.

Next, Acevedo believes the trial court erred in denying his motion to dismiss for violation of Rule 600. Acevedo filed a pre-trial motion to dismiss his charges on April 3, 2023. The trial court held a hearing on the motion on April 24, 2023. At the time of the motion and hearing, Acevedo was proceeding pro se.

Generally, when a written complaint is filed, trial is required to commence within 365 days. **See** Pa.R.Crim.P. 600(A)(2)(a). However, as the comment to the Rule notes, "[t]he withdrawal of … a guilty plea should be considered the granting of a new trial for purposes of paragraph (A)(2)(d) of this [R]ule." Pa.R.Crim.P. 600 comment. Paragraph (A)(2)(d) provides when a new trial has been granted, "the new trial shall commence within 365 days from the date on which the trial court's order [granting a new trial] is filed." Pa.R.Crim.P. 600(A)(2)(d); **see also Commonwealth v. Bowes**, 839 A.2d 422, 425-26 (Pa. Super. 2003) (quoting the comment to Rule 600 and finding

a new period of time pursuant to Rule 600(A)(2)(d) began to run when Bowes withdrew his guilty plea).

Here, the trial court granted Acevedo's request to withdraw his guilty plea and, in effect, granted a new trial, on March 20, 2023. At the time Acevedo filed his motion to dismiss, only 14 days had passed since he was granted a new trial. As such, counsel is correct that this claim is frivolous.

Finally, Acevedo claims his two aggravated assault convictions should merge for sentencing. While represented, at sentencing and in a counseled post-sentence motion, Acevedo argued the two aggravated assault convictions should merge as there was only one victim. Current counsel is correct that this claim is frivolous.

Courts are required to determine if sentences merge at sentencing by applying an elements-based test. *See Commonwealth v. Rhoades*, 8 A.3d 912, 918 (Pa. Super. 2010). This requires the courts to compare the elements required for each offense. *See id.* Here, there is an additional element in aggravated assault with a deadly weapon that is not included in the aggravated assault subsection 2702(a)(1): specifically, the use of a deadly weapon. *See id.* ("When the two subsections are read together it is apparent that subsection (4) contains an element that is not found in the greater offense of subsection (1). Specifically, subsection (4) requires that the assault be caused or attempted 'with a deadly weapon.'") (brackets and citation

omitted). As the elements differ, the two counts of aggravated assault do not merge. This claim is frivolous.

After our own independent review, we conclude there are no non-frivolous issues in the certified record. We agree with counsel that the appeal is wholly frivolous and grant his request to withdraw.

Petition to withdraw granted. Judgment of sentence affirmed.[3]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/4/2025

---

[3] On March 4, 2025, Acevedo filed a pro se application seeking to dismiss counsel and proceed pro se. This motion is denied as moot based upon our memorandum granting counsel's petition to withdraw and because Acevedo filed a similar application on February 11, 2025, which we denied on March 4, 2025.